**IN THE UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| MTL, INC., *Plaintiff,* v. MIRALEHR.COM, an Internet Domain Name, *Defendant.* | ) ) ) ) ) ) ) ) ) | No. 1:25-cv-640 (PTG/WEF) |

**ORDER**

This matter comes before the Court on the January 8, 2028 Report and Recommendation ("R&R") from Magistrate Judge William E. Fitzpatrick regarding Plaintiffs' Motion for Default Judgment as to Defendant MIRALEHR.COM. Dkt. 18. Judge Fitzpatrick advised the parties that objections to the R&R must be filed within fourteen (14) days of service and failure to object waives appellate review. *Id.* at 22. To date, no objections have been filed.

Having conducted a de novo review of the record, the Court **APPROVES** and **ADOPTS** the findings of the Magistrate Judge in full, as follows.

It is hereby

**ORDERED** that Plaintiff's Motion for Default Judgment (Dkt. 15) is **GRANTED** with respect to Plaintiff's claim for violation of the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d); it is further

**ORDERED** that VeriSign, Inc., as the operator of the registry of the domain name, miralehr.com, (1) transfer miralehr.com to Plaintiff, (2) list Plaintiff as the registrant of the domain name, and (3) change the registrar of record for miralehr.com to Plaintiff's registrar of choice, as directed by Plaintiff or its counsel; it is further

**ORDERED** that GoDaddy.com LLC, the registrar of the domain name miralehr.com, take all necessary steps to list Plaintiff as the registrant of the miralehr.com domain name; it is further

**ORDERED** that Plaintiff's request for permanent injunctive relief ordering that any other domain name(s) registered by the owner of the Defendant Domain Name that resemble or include Plaintiff's MIRA LEHR trademark be transferred to Plaintiff from the current Defendant Domain Name registrant is **DENIED**; and it is further

**ORDERED** that Plaintiff's request for attorneys' fees and costs is **DENIED**.

This Court shall maintain jurisdiction of the case for the purpose of enforcing this Order. If Defendant fails to comply with any of the terms of this Order, Plaintiff may, in addition to pursuing the remedies provided under Fed. R. Civ. P. 69, reopen this case upon motion to this Court and notice to the Defendant, and may, at that time, ask for further appropriate monetary and/or injunctive relief, including any additional reasonable attorneys' fees and costs incurred in connection with this case, such as, those incurred to enforce and collect on this judgment.

The Clerk of Court is directed to enter judgment in favor of Plaintiff, and against Defendant, as set forth above, pursuant to Federal Rule of Civil Procedure 55. The Clerk is further directed to forward a copy of this Order to all parties of record.

To appeal this decision, Defendant must file a written notice of appeal with the Clerk of the Court within thirty (30) days of the date of entry of this Order. A notice of appeal is a short statement indicating a desire to appeal, including the date of the order Defendant wants to appeal. Defendant need not explain the grounds for appeal until so directed by the court of appeals. Failure to file a timely notice of appeal waives Defendant's right to appeal this decision.

Entered this 19th day of August, 2026.
Alexandria, Virginia

/s/
Patricia Tolliver Giles
United States District Judge